An appropriate order will issue.

**TOMTOM, INC., Plaintiff,**

v.

**AOT SYSTEMS GMBH,**
**et al., Defendants.**

**Case No. 1:12cv528.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Sept. 14, 2012.

---

Brian Himanshu Pandya, Wiley Rein, LLP, Washington, DC, for Plaintiff.

Antigone Gabriella Peyton, Cloudigy Law, PLLC, Alexandria, VA, for Defendants.

## ORDER

T.S. ELLIS, III, District Judge.

This patent declaratory judgment action presents the unusual question whether personal jurisdiction over a foreign company with no contacts with the United States

is proper under 35 U.S.C. § 293 where, as here, plaintiff, the putative infringer alleges that the foreign company previously threatened to sue plaintiff for infringement of the American patent in issue, but the foreign company now, by affidavit, denies that it is either the patentee or an assignee of this patent. For the reasons that follow, personal jurisdiction over the foreign entity in the circumstances is not proper under § 293.

## I.

TomTom, Inc. (TomTom), a Massachusetts corporation with a principal place of business in Concord, Massachusetts, brings this action seeking a declaration of invalidity and/or noninfringement of a patent allegedly held by AOT Systems GmbH (AOT), a German corporation with a principal place of business in Lindau, Germany, and Michael Adolph, an individual residing in Wasserburg, Germany, in its complaint, TomTom alleges that there has been a longstanding dispute between Tom Tom and AOT regarding alleged infringement of United Slates Patent No. 6.356,-836, Method and Device for Generating, Merging and Updating of Destination Tracking Data. Specifically, TomTom alleges that AOT, beginning in February 2011, purporting to have exclusive control of the '836 patent, accused TomTom of infringing the patent and threatened to bring a lawsuit to enforce the patent. Further, TomTom alleges that AOT has filed a lawsuit in Germany against TomTom's customer, REWE Unterhaltungselektronik GmbH, for infringement of the European counterpart to the '836 patent, European Patent No. 0988508.

In moving to dismiss the complaint, AOT argues that it is neither the patentee nor an assignee of the '836 patent. In

support, AOT has provided a sworn declaration by its Director, Dr. Adoph, denying that AOT is the patentee or an assignee of the '836 patent. Further, AOT explains that it is, in fact, the exclusive licensee of the '508 patent and that the German lawsuit is based upon the '508 Patent. AOT further denies owning, renting, or leasing property in the United States, having any assets in the United States, or conducting any business with anyone, or selling any products or services to anyone, in the United States. At the September 14, 2012 hearing, counsel for AOT represented that, as the face of the '836 patent reflects, Dr. Adolph, rather than AOT, is the sole patentee and named inventor of the '836 patent. AOT's counsel also represented that Dr. Adolph has consented to service of process via The Hague Convention and it appears that service of process on Dr. Adolph has now been accomplished.

## II.

■■■ Analysis of the personal jurisdiction question properly begins with the Rule 12(b)(2), Fed.R.Civ.P. To survive threshold dismissal under Rule 12(b)(2), the plaintiff "need only make a *prima facie* showing that defendants are subject to personal jurisdiction" and a "district court must accept the uncontroverted allegations in the plaintiffs complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor." *Electronics for Imaging, Inc. v. Coyle,* 340 F.3d 1344, 1349 (Fed.Cir.2003).[1] And a district court may resolve a personal jurisdiction question on the basis of "affidavits and other written materials in the absence of an evidentiary hearing." *Id.*

■■■ The personal jurisdiction question is resolved by a two-step inquiry: (i) "the district court determines whether a

---

1. In a patent infringement case, the "law of the Federal Circuit, rather than that of the regional circuits, [is applied] to determine personal jurisdiction." *Red Wing Shoe Co., Inc. v. Hockerson–Halberstadt, Inc.,* 148 F.3d 1355, 1358 (Fed.Cir.1998).

provision makes the defendant amenable to process," and (ii) "the district court ensures that maintenance of the suit does not offend ... the due process clause." *Red Wing Shoe Co., Inc.*, 148 F.3d at 1358 (internal quotations omitted).[2] Here, TomTom argues that the patent long arm statute,[3] 35 U.S.C. § 293, makes AOT, a foreign defendant, amenable to service of process. Section 293 provides in pertinent part that

> Every patentee not residing in the United States may file in the Patent and Trademark Office a written designation stating the name and address of a person residing within the United States on whom may be served process or notice of proceedings affecting the patent or rights thereunder.... [I]f no person has been designated, the United States District Court for the Eastern District of Virginia shall have jurisdiction.... The court shall have the same jurisdiction to take any action respecting the patent or rights thereunder that it would have if the patentee were personally within the jurisdiction of the court.

Thus, personal jurisdiction is proper over a foreign patentee either in the state where the patentee has designated an agent to receive service of process or in the Eastern District of Virginia.[4] In enacting Section 293, Congress assured "a forum for suit in the United States in cases that otherwise might not be accommodated by either state or federal courts." *Nat'l Patent Dev. Corp. v. T.J. Smith & Nephew Ltd.*, 877 F.2d 1003–07 (D.C.Cir.1989). Importantly, the exercise of personal jurisdiction authorized by Section 293 is limited to patentees. *See, Adm'rs of Tulane Educ. Fund v. Ipsen Pharma, S.A.S.*, 770 F.Supp.2d 24, 27–28 (D.D.C.2011).[5] And the definitional section of Title 35 makes it clear that patentee includes "not only the patentee to whom the patent was issued but also the successors in title to the patentee." 35 U.S.C. § 100(e). Thus, the exercise of personal jurisdiction under Section 293 is limited to patentees and their assignees under 35 U.S.C. § 261.[6] As one district court noted, "plaintiffs cannot obtain personal jurisdiction pursuant to Section 293" where the defendant "is not the owner or the assignee of the patent at issue, and is therefore not a 'patentee' covered by the statute." *Adm'rs of Tulane Educ. Fund*, 770 F.Supp.2d at 27.

2. The Federal Circuit analysis in this respect is essentially similar to the analysis in this and other circuits, where the two step analysis is generally expressed in terms of whether the statute—typically a state long-arm statute—reaches the defendant's behavior and whether the statute's reach in the circumstances exceeds its constitutional grasp. *See, e.g., CFA Inst. v. Inst. of Chartered Financial Analysts of India*, 551 F.3d 285, 292–93 (4th Cir.2009); *DeSantis v. Hafner Creations, Inc.*, 949 F.Supp. 419, 422–23 (E.D.Va.1996) (discussing the two step analysis).

3. *See Riker Lab., Inc. v. Gist–Brocades N.V.*, 636 F.2d 772, 775 (D.C.Cir.1980) (describing § 293 as "a long arm statute").

4. Section 293 was amended in 2011 to designate the United States District Court for the Eastern District of Virginia as the fallback venue, rather than the United States District Court for the District of Columbia, presumably because the United States Patent and Trademark Office is located in this district. Pub. L. 112–29, § 9(a), Sept. 16, 2011, 125 Stat. 316.

5. *See also, Int'l Mfg. & Eng.'g Servs. Co. v. Semiconductor Energy Lab. Co.*, No. 06–1230(JDB), 2007 WL 2059768 (D.D.C. July 16, 2007) (holding that § 293 does not permit the exercise of personal jurisdiction over patent applicants).

6. By its terms, § 293 does not extend to exclusive licensees. An exclusive licensee's right to sue for infringement arises solely from the contractual relationship between the patentee and the licensee; indeed, in the context of infringement suits, "an exclusive licensee ordinarily may not sue in its name alone" because the owner of the patent "holds the title to the patent in trust for such a licensee."

Here, AOT asserts that it is neither the patentee nor the assignee of the '836 patent and has offered an affidavit in support of this contention. In addition to the affidavit, the '836 patent identifies Dr. Adolph, and not AOT, as the holder of the patent. In contrast, TomTom has not offered any affidavits in support of its claim that AOT is the patentee and, instead, seeks jurisdictional discovery. But jurisdictional discovery is only "appropriate where the existing record is 'inadequate' to support personal jurisdiction and a party demonstrates that it can supplement its jurisdictional allegations through discovery." *Trintec Industries, Inc. v. Pedre Promotional Products, Inc.*, 395 F.3d 1275, 1283 (Fed.Cir.2005).[7] Here, Tom-Tom's arguments that it could adequately supplement its jurisdictional allegations through discovery are unpersuasive because TomTom offers no persuasive reason to question the veracity of AOT's affidavit denying that it is either a patentee or assignee. In short, a sworn statement by an AOT official trumps TomTom's contrary claim based only on an unsworn statement made in the course of negotiations. Finally, TomTom's argument that the European lawsuit supports the contention that AOT is a patentee of the '836 patent fails because that litigation is not based on the '836 patent but is based, instead, on the '508 patent, for which AOT is the exclusive licensee. Because AOT is a foreign company and is not a patentee or assignee under § 293, and hence that statute provides no basis for the exercise of personal jurisdiction over AOT. Accordingly, threshold dismissal under Rule 12(b)(2) is appropriate.

*Propat Int'l Corp. v. Rpost, Inc.*, 473 F.3d 1187 (Fed.Cir.2007) (internal citations omitted). Congress, in omitting exclusive licensees from § 293, maintains the clear distinction between an assignment and an exclusive license.

## III.

In summary, AOT's motion to dismiss (doc. 11) for lack of personal jurisdiction under Rule 12(b)(6) must be granted because AOT is not a patentee as defined by the patent long arm statute, 35 U.S.C. § 293.

For these reasons, the reasons stated from the Bench, and for good cause,

It is hereby **ORDERED** that AOT's motion to dismiss (doc. 11) is **GRANTED,** and accordingly all claims against AOT are DISMISSED without prejudice to the merits of the claims asserted.

The Clerk is directed to send a copy of this Order to all counsel of record.

7. *See also, Adm'rs of Tulane Educ. Fund*, 770 F.Supp.2d at 31 ("the district court may deny additional discovery when it could produce no facts that would affect the jurisdictional analysis").